Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONNI BOSKOVICH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NYE COUNTY, a political subdivision, and municipality including its department, NYE COUNTY DISTRICT ATTORNEY'S OFFFICE; CHRIS ARABIA, in his individual and official capacity; LEO BLUNDO, in his individual and official capacity; DOES I -50; and ROE CORPORATIONS I -50,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>1. SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT<br>2. HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT<br>3. RETALIATION IN VIOLATION OF THE TITLE VII OF THE CIVIL RIGHTS ACT<br>4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>5. VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION<br>6. BREACH OF IMPLIED-IN-FACT CONTRACT<br>7. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br>8. INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>10. DEFAMATION<br><br>JURY DEMAND |

Plaintiff RONNI BOSKOVICH ("Plaintiff" or "Boskovich") alleges as follows:

　　　1.　　　This action is brought pursuant Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII"), 42 U.S.C. §1983 Equal Protection and various state laws.

2.      Jurisdiction is predicated on the code sections referenced above as well as 28 U.S.C. § 1331, as this action involves a federal question.  The court has supplemental jurisdiction over the state law claims.

3.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice so require.

4.      At all relevant times, NYE COUNTY, a political subdivision, and municipality including its department, NYE COUNTY DISTRICT ATTORNEY'S OFFFICE ("Defendant Nye County") employed fifteen (15) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the Title VII.

### PARTIES

5.      Plaintiff, Boskovich, is a citizen of the United States and a resident of the State of Nevada, County of Nye and Town of Pahrump.

6.      Defendant Nye County is a county organized under the laws of the State of Nevada.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Pahrump, Nevada by Defendant Nye County.

8.      Defendant is an employer within the meaning of *42 USC §2000e(b)*.

9.      Defendant Chris Arabia ("Defendant Arabia") is a citizen of the United States and a resident of the State of Nevada, County of Nye and Town of Pahrump.

10.     Leo Blundo ("Defendant Blundo") is a citizen of the United States and a resident of the State of Nevada, County of Nye and Town of Pahrump.

11.     Defendant Arabia is the current District Attorney for Defendant Nye County.

12.     Defendant Blundo is a current Nye County Commissioner.

13.     Doe Defendants 1 through 50 inclusive and Roe Corporation Defendants 1 through

50 inclusive, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges however that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with peculiarity once their identities are known.  At such time, Plaintiff will seek leave of court to state more fully herein the names and acts of said Defendants.

## EXHAUSTION OF REMEDIES

14.     Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") and requested a Notice of Right to Sue which has to be issued by U.S. Department of Justice. See copy of letter from the EEOC Los Angeles District Office dated February 18, 2021, a copy of which is attached to Complaint as Exhibit "A".

15.     Boskovich was forced to file her complaint before receiving her Notice of Right to Sue the U.S. Department of Justice because of the statute of limitations on some of her causes of action.  Once the Notice of Right to Sue letter is received from the U.S. Department of Justice, Boskovich will amend her complaint and include the Notice of Right to Sue letter.

## GENERAL ALLEGATIONS

16.     Plaintiff was hired by Defendant Nye County as a part-time law clerk sometime in September 2017.  Once she received her law license she became a full-time Civil Deputy DA on October 9, 2017 through January 7, 2019 when Boskovich became a Criminal Deputy DA, until she was discharged on April 22, 2019.

17.     On or about January 7, 2019 Defendant Arabia took office as Nye County DA.

18.     On or about January 7, 2019 Defendant Blundo took office as Nye County Commissioner.

19.     Upon information and belief, Defendant Blundo and Defendant Arabia have a close personal relationship.

20.     Upon information and belief, Defendants Arabia and Blundo targeted Plaintiff,

since they took office, in part, because of the sexual orientation of Boskovich's father Ron Boskovich ("R. Boskovich") and her step-father Brett Waggoner ("Waggoner").

21.     Both R. Boskovich and Waggoner are homosexual males and were married at one time.

22.     R. Boskovich ran against Blundo for Nye County Commissioner in 2018 but lost.

23.     Defendant Arabia and Defendant Blundo have made numerous comments degrading her father and step-father's sexuality as a tactic to negatively influence Boskovich's career at Nye County.

24.     On January 7, 2019, Defendant Arabia's first day in office, he transferred Plaintiff from the Civil Division of the DA's Office to the Criminal Division, despite her protests.

25.     Defendant Arabia began a campaign of harassment and intimidation against Plaintiff, in part, because of her father's political aspirations and her father and step-father's status as homosexual males.

26.     Defendant Blundo would refer to Plaintiff, R. Boskovich and Waggoner as the "Trifecta of Evil."

27.     Upon information and belief, Defendant Arabia and/or Defendant Blundo were instrumental in starting rumors that Plaintiff engaged in sexual or inappropriate relations with Dennis Hof, a well-known brothel owner (now deceased) and with John Koenig, the then-Chairman of the Nye County Board of Commissioners.

28.     Upon information and belief, Defendant Arabia told R. Boskovich that Defendant Blundo offered Defendant Arabia to campaign for him in return for Defendant Arabia firing Boskovich, among other things, once he took office.

29.     Even though Defendant Blundo ultimately wanted Boskovich fired he took a liking to her sexually as he did other women at Nye County.

30.     On January 24, 2019, shortly after he took office, Defendant Blundo hugged Plaintiff inappropriately.  As he was hugging Boskovich, he whispered to her that they were not on the clock, so this was ok.  Plaintiff felt totally offended and interpreted Defendant Blundo's

conduct as sexual harassment and a sexual advance towards her.

31.     At the end of the evening Defendant Blundo hugged Boskovich again and kissed her on her cheek inappropriately causing Plaintiff to feel very uncomfortable.   Boskovich interpreted Defendant Blundo's continued inappropriate behavior as further sexual harassment and unwanted sexual advances towards her.

32.     Further during her employment, Plaintiff would constantly catch Defendant Blundo staring at her breasts inappropriately.  Boskovich interpreted this as sexual harassment in the workplace.  This sexual harassment and sexual advances towards her continued until Plaintiff was discharged.

33.     In early March 2019 Boskovich complained to Danelle Shamrell, Human Resources Director, about Defendant Blundo's behavior.  Shamrell's response to Plaintiff was that she had received several other complaints of sexual harassment or unwanted sexual advances against Defendant Blundo from other women in the County, however nothing was done to address and/or correct Defendant Blundo's behavior.

34.     On March 18, 2019, Plaintiff was interrogated on two separate occasions by Defendant Arabia's subordinates, regarding alleged misconduct, which Boskovich unequivocally denied.

35.     After work on March 18, 2019, Boskovich and Waggoner spoke with Shamrell and expressed concerns over the conduct of Defendant Arabia's subordinates.

36.     Upon information and belief, Waggoner filed ethics complaints against Defendant Arabia and/or Defendant Blundo prior to Boskovich's termination.

37.     Shortly after Boskovich reported Defendant Blundo's behavior to Shamrell Plaintiff was discharged on April 22, 2019 leading Boskovich to conclude that she was terminated in retaliation for complaining of sexual harassment in the workplace by Defendant Blundo and for refusing to acquiesce to Defendant Blundo's continued sexual advances towards her.

38.     After Boskovich was terminated, she submitted a demand to Defendant Arabia, pursuant to NRS, detailing the reasoning behind her termination.  Defendant Arabia provided Plaintiff with a response, detailing many of the same false accusations of misconduct and unethical actions that she was interrogated about on March 18, 2019.

39.     Boskovich subsequently applied for one of the Public Defender contracts for Nye County.

40.     Upon information and belief, Defendants Arabia and Blundo attempted to prevent her from being awarded that contract.  Indeed, Defendant Blundo was the only "no" vote on the motion to award Boskovich and four others the Public Defender Contracts on the June 18, 2019 Board of County Commission Agenda.   Additionally, when Defendant Boskovich's contract was up for renewal in May 2020, Defendant Blundo was again the only "no" vote.

41.     After Plaintiff was awarded one of the Public Defender contracts, Defendant Arabia set policies to ensure that Boskovich was entirely denied physical access to the District Attorney's Office, with those policies going into effect on July 1, 2019, Plaintiff's very first day as a Public Defender.

42.     Defendant Arabia further issued a directive to the District Attorney's Office attorneys applicable solely to Plaintiff that no extensions or professional courtesies are to be extended in any case in which Boskovich was the assigned Public Defender.

43.     On or about July 16, 2019, an article was published in the Pahrump Valley Times newspaper that contained all of the false allegations Defendant Arabia had made against Boskovich in his response to her demand for reasons of termination.

44.     On or about August 19, 2019, Defendant Arabia filed a Bar Complaint against Plaintiff, in which the allegations tracked almost identically to the false accusations made by Defendant Arabia regarding his alleged reasons for termination.   Additionally, there were statements in this Bar Complaint suggesting Boskovich was having a sexual or inappropriate

relationship with Hof and/or Koenig.  Finally, the Bar Complaint included derogatory information regarding the relationship between R. Boskovich and Waggoner.

45.     After approximately nine months of investigation, this Bar Complaint was unanimously dismissed against Plaintiff.

46.     Defendant Nye County allowed Defendant Arabia and Defendant Blundo to continue to abuse their office and positions.

## FIRST CAUSE OF ACTION

### (For Sex/Gender Discrimination in Violation of Title VII)

### (Against Defendant Nye County)

47.     Plaintiff Boskovich incorporates the allegation set forth in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.     This cause of action is brought pursuant to Title VII to obtain relief for Plaintiff for terminating her, or otherwise discriminating against her in the terms, conditions or privileges of her employment because of his sex/gender Discrimination in violation of Title VII.

49.     As previously set forth herein above, Boskovich was discriminated against and eventually terminated because of her sex/gender in violation of Title VII.

50.     This included Defendant Arabia singling Plaintiff out once he took office as the Nye County DA on January 7, 2019 and requiring Boskovich to perform job duties that were not required by similarly situated males.

51.     It also included Defendant Arabia terminating Plaintiff, at least in part, because of her sex/gender and on information and belief replacing her with a male who had equal or lesser qualification and experience than Boskovich.

52.     As a direct, foreseeable, and legal result of this discrimination because of her sex/gender, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

53.     As a further direct, foreseeable, and legal result of this discrimination because of his sex/gender, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

54.     In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

55.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

56.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Hostile Environment Sexual Harassment in violation of Title VII)

### (Against Defendant Nye County)

57.     Plaintiff Boskovich incorporates the allegations set forth in paragraphs 1 through 56, inclusive, as if fully set forth herein.

58.     This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

59.     As previously set forth herein above, Plaintiff was sexually harassed by Defendant Blundo and Defendant  Arabia which created a "Hostile Environment" in the workplace for Boskovich.

60.     This included Defendant Blundo hugging Plaintiff and kissing Boskovich on her

cheek inappropriately causing her to feel very uncomfortable on January 24, 2019, Plaintiff constantly catching Defendant Blundo staring at her breasts inappropriately which continued until Plaintiff was terminated and Defendant Arabia and/or Defendant Blundo starting rumors that Boskovich was engaged in sexual or inappropriate relations with brothel owner Hof or then-Chairman of the Nye County Board of Commissioners Koenig.

61.     This was in violation of Nye County's policy on sexual harassment which defines sexual harassment as unwelcome sexual advances and requests for sexual favors, and includes other physical or verbal conduct of a sexual nature when, among other conditions, it creates an intimidating, hostile or offensive environment for working.

62.     Further although Boskovich reported Defendant Blundo's behavior to Human Resources Director Shamrell in early March 2019 as several other women before her had, nothing was done to address and/or correct Defendant Blundo's behavior.

63.     As a direct, foreseeable, and legal result of this sexual harassment by Defendant Blundo and the failure of Defendant Nye County to address and/or correct the situation appropriately, Plaintiff has suffered panic attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

64.     In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

65.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

66.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of

her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### **THIRD CAUSE OF ACTION**

### **(For Retaliation in Violation of Title VII)**

### **(Against Defendant Nye County)**

67.    Plaintiff Boskovich incorporates the allegation set forth in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68.    This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for Retaliation in violation of Title VII.

69.    As set forth herein above, Plaintiff reported Defendant Blundo's conduct in violation Title VII to Human Resources Director Shamrel and was then retaliated against by being terminated on April 22, 2019.

70.    As a direct, foreseeable, and legal result of Defendant Nye County's Retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

71.    As a further direct, foreseeable, and legal result of Defendant Nye County's Retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

72.    In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

73.    Plaintiff claims the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

74.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### (For Wrongful Discharge in Violation of Public Policy)

### (Against Defendant Nye County)

75.     Plaintiff Boskovich incorporates the allegations set forth in paragraphs 1 through 74, inclusive, as if fully set forth herein.

76.     Public policy in the State of Nevada dictates that employees not be terminated because of the sexual orientation of their father or step-father or because they report sexual harassment they experience at work.

77.     Plaintiff believes, alleges, and will prove at trial that a motivating factor in Defendant Nye County's decision to discharge Plaintiff was because of the sexual orientation of Boskovich's father R. Boskovich and her step-father Waggoner and in retaliation for reporting to human resources the sexual harassment she experienced from Defendant Blundo.

78.     As a direct, foreseeable, and legal result of the Defendant Nye County's Wrongful Termination of Plaintiff in Violation of Public Policy, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

79.     As a further direct, foreseeable, and legal result of Defendant Nye County's Wrongful Termination of Plaintiff in Violation of Public Policy, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

80.   In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

81.   Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

82.   Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Violation of 42 U.S.C. §1983 Equal Protection)

### (Against Defendant Nye County, Defendant Arabia and Defendant Blundo)

83.   Plaintiff Boskovich incorporates the allegations set forth in paragraphs 1 through 82, inclusive, as if fully set forth herein.

84.   This cause of action is brought pursuant to 42 U.S.C. §1983 to obtain relief for Plaintiff for violation of her right to equal protection of the laws of the United States.

85.   Defendants Arabia and Blundo violated Plaintiff's right to equal protection of the laws pursuant to 42 U.S.C. §1983 when they, *inter alia*:

   a.   Discriminated against Plaintiff because of the sexual orientation of her father R. Boskovich and her step-father Waggoner.

   b.   Discriminated against and openly targeted Plaintiff's employment with Nye County.

86.   Defendant Nye County violated Plaintiff's right to equal protection of the laws pursuant to 42 U.S.C. §1983 when it, *inter alia*:

   a.   Discriminated against Plaintiff because of the sexual orientation of her father R. Boskovich and her step-father Waggoner and by failing to address Plaintiff's

12

complaints of sexual harassment against Defendant Blundo.

87.     As a direct, foreseeable, and legal result of this discrimination because of her equal protection under 42 U.S.C. §1983, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

88.     As a further direct, foreseeable, and legal result of this discrimination because of her equal protection under 42 U.S.C. §1983, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

89.     In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

90.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

91.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION

### (For Breach of Implied-In-Fact Contract)

### (Against Defendant Nye County)

92.     Plaintiff Boskovich incorporates the allegations set forth in paragraphs 1 through 91, inclusive, as if fully set forth herein.

93.     Plaintiff was employed by Defendant Nye County under an Implied-in-Fact contract

which Plaintiff relied on throughout her employment with Defendant Nye County.

94.     Defendant Nye County impliedly promised Plaintiff that Defendant Nye County would treat her fairly and justly and only terminate Plaintiff for "good cause".

95.     Plaintiff reasonably relied upon Defendant Nye County's promise to treat her fairly and justly and only terminate her for "good cause" and in reliance on Defendant Nye County's promise Plaintiff accepted a job at the Nye County District Attorney's Office.

96.     Defendant Nye County breached the parties' Implied-in-Fact contract by not treating Plaintiff fairly and justly when they terminated her employment unjustly and in bad faith even though she was performing her job as a Civil Deputy District Attorney/Criminal Deputy District Attorney satisfactorily with no prior verbal or written reprimands or any disciplinary action.

97.     As a direct, foreseeable, and legal result of the Defendant Nye County's breach of the parties' Implied-in-Fact contract, Plaintiff has suffered and continues to suffer, substantial losses in earnings, bonuses, job benefits and expenses including expenses in the search for comparable employment.

98.     As a further direct, foreseeable, and legal result of the Defendant Nye County's breach of the parties' Implied-in-Fact contract, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in a sum according to proof at trial.

99.     In acting as they did, Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

100.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

101.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SEVENTH CAUSE OF ACTION

### (For Breach of the Covenant of Good Faith and Fair Dealing)

### (Against Defendant Nye County)

102.    Plaintiff Boskovich incorporates the allegations set forth in paragraphs 1 through 101, inclusive, as if fully set forth herein.

103.    As a result of the employment relationship which existed between Plaintiff and Defendant Nye County, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, Defendant Nye County promised to act in good faith towards and deal fairly with Plaintiff which requires, among other things, that:

(a)     Each party in the relationship must act with good faith towards the other concerning all matters related to the employment;

(b)     Each party in the relationship must act with fairness towards the other concerning all matters related to the employment;

(c)     Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

(d)     Defendant employer would similarly treat employees who are similarly situated;

(e)     Defendant would comply with its own representations, rules, policies and procedures in dealing with Plaintiff;

(f)     Defendant would not terminate Plaintiff without a fair and honest cause, regulated by good faith on Defendant's part;

(g)     Defendant would not terminate Plaintiff in an unfair manner; and

(h)     Defendant would give Plaintiff's interests as much consideration as it gave its own

interests.

104.     Defendant's discharge of Plaintiff was wrongful, in "bad faith", and unfair, and therefore a violation of Defendant's legal duties.  Defendant breached the Covenant of Good Faith and Fair Dealing by terminating Plaintiff's employment even though she was performing her job as a Civil Deputy District Attorney/Criminal Deputy District Attorney satisfactorily.

105.     Defendant's breach of the Covenant of Good Faith and Fair Dealing was a substantial factor in causing damage and injury to Plaintiff.

106.     As a direct, foreseeable, and legal result of the Defendant's breach of the Covenant of Good Faith and Fair Dealing, Plaintiff has suffered and continues to suffer, substantial losses in earnings, bonuses, job benefits and expenses including expenses in the search for comparable employment.

107.     As a further direct, foreseeable, and legal result of the Defendant's Breach of the Covenant of Good Faith and Fair Dealing, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in a sum according to proof at trial.

108.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

109.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

110.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

**EIGHTH CAUSE OF ACTION**

**(For Interference with Prospective Economic Advantage)**

**(Against Defendant Nye County, Defendant Arabia and Defendant Blundo)**

111.    Plaintiff Boskovich incorporates the allegations set forth in paragraphs 1 through 110, inclusive, as if fully set forth herein.

112.    As set forth above, after Plaintiff was terminated by Defendant Nye County she applied for one of the Public Defender contracts for Nye County and on information and belief Defendants Arabia and Blundo attempted to prevent her from being awarded that contract.

113.    This included Defendant Blundo being the only "no" vote amongst the County Commissioners on the motion to award Boskovich and four others the Public Defender Contracts on the June 18, 2019 Board of County Commission Agenda and Defendant Blundo was again the only "no" vote when Plaintiff's contract came up for renewal in May of 2020.

114.    For his part, once Boskovich was awarded one of the contracts, Defendant Arabia set polices to ensure that Boskovich was entirely denied physical access to the District Attorney's Office with those policies going into effect on July 1, 2019, Plaintiff's very first day as a Public Defender.

115.    Further Defendant Arabia issued a directive to the District Attorney's Office attorneys applicable solely to Boskovich that no extensions or professional courtesies are to be extended in any case in which Plaintiff was the assigned Public Defender.

116.    All these actions by Defendants Arabia and Blundo were done with the intent to interfere with Boskovich's prospective economic advantage on her Public Defender contract.

117.    As a direct and proximate result of the above mentioned conduct, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

118.    As a further direct and proximate result of the above mentioned conduct, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension,

anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

119.    In acting as they did, Defendants Nye County, Arabia and Blundo knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

120.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

121.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### NINTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Against Defendant Nye County, Defendant Arabia and Defendant Blundo)**

122.    Plaintiff Boskovich incorporates the allegation set forth in paragraphs 1 through 121, inclusive, as if fully set forth herein.

123.    Defendant Arabia's and Defendant Blundo's actions outlined above and Nye County's actions by failing to do anything about Defendant Arabia's and Defendant Blundo's actions, as set forth above, constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff.

124.    These actions include, degrading the sexuality of Boskovich's father and step-father, starting false rumors about Plaintiff engaging  in sexual or inappropriate relations with Hof or Koenig, Defendant Blundo's unwanted sexual advances and harassment towards Boskovich and Defendant Arabia making false accusations of misconduct and unethical actions against

Boskovich and filing a State Bar Complaint against Plaintiff based on these allegation.

125.    Defendant Arabia's, Defendant Blundo's and Defendant Nye County's actions did in fact cause severe emotional distress to Plaintiff, including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

126.    In acting as they did, Defendant Arabia, Defendant Blundo and Defendant Nye County knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Defendant Arabia's, Defendant Blundo's and Defendant Nye County's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

127.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

128.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### TENTH CAUSE OF ACTION

**(For Defamation)**

**(Against Defendant Nye County and Defendant Blundo)**

129.    Plaintiff Boskovich incorporates the allegation set forth in paragraphs 1 through 128, inclusive, as if fully set forth herein.

130.    On information and belief Defendant Arabia, on behalf of himself and Nye County, has been stating untrue, unprivileged, information about Plaintiff and her employment with Nye County.  This includes as set forth above, information about Boskovich's job performance at Nye County and the reason for her termination and includes false and untrue accusations of misconduct

and unethical actions.

131.    Defendant Arabia, on behalf of himself and Nye County, knows this information is false and untrue but has stated it anyway to the detriment of Boskovich.

132.    On information and belief, this has caused Boskovich to not be hired by prospective employers or has caused negative implications in her current contract with the Public Defender's office, and thus has resulted in pecuniary loss to Plaintiff.

133.    Defendant Arabia's actions, on behalf of himself and Nye County, has also caused Plaintiff to suffer indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

134.    In acting as he did, Defendant Arabia, on behalf of himself and Nye County, did knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Defendant Arabia conduct, on behalf of himself and Nye County, was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

135.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

136.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Boskovich demands judgment against Defendant Nye County, Defendant Arabia and Defendant Blundo and as follows:

///

Against Defendant Nye County:

1.      For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2.      For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

3.      For punitive damages;

4.      For attorney's fees and costs in an amount determined by the court to be reasonable;

5.      For pre-judgment interest on all damages; and

6.      For any other and further relief that the court considers proper.

Against Defendant Arabia:

7.      For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life, all to Plaintiff's damage in a sum to be shown at the time of trial;

8.      For punitive damages;

9.      For attorney's fees and costs in an amount determined by the court to be reasonable;

10.     For pre-judgment interest on all damages; and

11.     For any other and further relief that the Court considers proper.

Against Defendant Blundo:

12.     For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life, all to Plaintiff's damage in a sum to be shown at the time of trial;

13.     For punitive damages;

14.     For attorney's fees and costs in an amount determined by the court to be reasonable;

15.     For pre-judgment interest on all damages; and

16.     For any other and further relief that the Court considers proper.

1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


DATED:  4/22/2021                    LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban
     Michael P. Balaban
     LAW OFFICES OF MICHAEL P. BALABAN
     10726 Del Rudini Street
     Las Vegas, NV  89141

# EXHIBIT

# "A"

# REQUEST FOR NOTICE OF RIGHT TO SUE

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office

255 E. TEMPLE STREET, 4TH FLOOR
LOS ANGELES, CALIFORNIA 90012
1-800-669-4000
(213)894-1000
TDD (213) 894-1121
FAX (213) 894-1118

February 18, 2021

Ronni Boskovich
c/o Michael P. Balaban, Esq.
Law Offices of Michael P. Balaban
10726 Del Rudini Street
Las Vegas, NV 89141

RE:  Charge Number: 34B-2020-00602/11500116R

Dear Ronni Boskovich,

The Commission has received your request for a Notice of Right to Sue in the above-referenced charge.  Your request has been forwarded to the U. S. Department of Justice for action.  That agency will act on your request as soon as possible and issue the Notice directly to you.

If you have any questions, please write:

United States Department of Justice
Attn: Karen Woodward, Deputy Chief
Employment Litigation Section
Civil Rights Division
950 Pennsylvania Ave., N.W., Ste 4239 PHB
Washington D.C.  20530

Your charge alleged discrimination based on violation of one or more of the following laws:

Title VII of the Civil Rights Act   _X___

If your charge includes an ADEA basis, please note the following: While Title VII, the ADA and GINA require the issuance of a Right to Sue before you can bring suit under the law; you obtained the right to sue under the ADEA when you filed your charge, subject to a 60-day waiting period. ADEA suits must be brought **within 90 days** of the date of your receipt of this notice.  Otherwise, your right to sue on the above-numbered charge will be lost. Individuals filing EPA claims may proceed directly into court.  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

With the issuance of this letter, the Commission is terminating its process with respect to this charge.

On Behalf of the Commission:

Rosa M.Viramontes, District Director
Los Angeles District Office

cc NYE COUNTY DISTRICT ATTORNEY'S OFFICE
Elona Goldner Director, Human Resources
2100 E. Walt Williams Dr., Suite 110
Pahrump, NV 89048