**REBECCA BRUCH, ESQ.**
Nevada Bar No. 7289
**LEMONS, GRUNDY & EISENBERG**
6005 Plumas Street, Third Floor
Reno, Nevada 89519
(775) 786-6868; (775)786-9716 (fax)
Email: rb@lge.net

*Attorney for Defendant Nye County*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONNI BOSKOVICH,<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY, a political subdivision, and municipality including its department, NYE COUNTY DISTRICT ATTORNEY'S OFFICE; CHRIS ARABIA, in his individual and official capacity; LEO BLUNDO, in his individual and official capacity; DOES I-50; and ROE CORPORATIONS I-50,<br><br>Defendants. | Case No: 2:21-cv-00670-JAD-DJA<br><br>**JOINT AND UNOPPOSED MOTION TO STAY DISCOVERY** |

The parties through their counsel of record, Michael Balaban, Esq., on behalf of Plaintiff Ronni Boskovich ("Boskovich"); Brian Hardy, Esq., of Marquis Aurbach Coffing, on behalf of Nye County District Attorney Chris Arabia ("Arabia") and Nye County Commissioner Leo Blundo ("Blundo"); and Rebecca Bruch, Esq., of Lemons, Grundy & Eisenberg, on behalf of Nye County ("the County"), do hereby file this Joint and Unopposed Motion to Stay Discovery Plan and Scheduling Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The basis for this Joint and Unopposed Motion to Stay Discovery is two-fold: First, Boskovich admittedly has filed this complaint before she has exhausted her administrative

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

1

remedies. According to Boskovich, she did so in order to preserve the statute of limitations on her other claims. More specifically, she has not yet received a right-to-sue letter regarding the three Title VII claims she has brought. Second, Defendants Blundo and Arabia have filed a Motion to Dismiss that could be dispositive on all claims against them. The parties bring this motion jointly and without opposition.

### I.   Introduction

On December 2, 2020, Boskovich filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC"). Boskovich must exhaust her administrative remedies before she can file a lawsuit. Until she receives a right-to-sue letter addressing those claims brought under Title VII of the Civil Rights Act of 1964, as amended, litigation cannot be brought. *See* 42 U.S.C. § 2000e05(f)(1). As is her right, Boskovich has requested her EEOC file be closed without a finding, and that a right-to-sue letter be issued. She avers in her Complaint that she has not received a right-to-sue letter from the EEOC. *ECF No. 1, ¶¶ 14-15*. As of the filing of this Motion, she has not received a right-to-sue letter.

In Boskovich's Complaint filed April 22, 2021, she asserted 10 causes of action related to her termination from the Nye County District Attorney's Office. *ECF No. 1*. Those claims are:

1. Sex/Gender Discrimination in Violation of Title VII of the Civil Rights Act
2. Hostile Environment Sexual Harassment in Violation of Title VII of the Civil Rights Act
3. Retaliation in Violation of Title VII of the Civil Rights Act.
4. Wrongful Termination in Violation of Public Policy
5. Violation of 42 U.S.C. § 1983 Equal Protection
6. Breach of Implied-In-Fact Contract
7. Breach of the Covenant of Good Faith and Fair Delaing
8. Interference with Prospective Economic Advantage
9. Intentional Infliction of Emotional Distress

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

2

10. Defamation

In response, on June 2, 2021, Blundo and Arabia filed a Motion to Dismiss all causes of action pursuant to FRCP 12(b)(6). *ECF No. 6*. The County filed its Answer on June 28, 2021. *ECF No. 11*.

Blundo and Arabia argue in their Motion to Dismiss, in addition to the failure to exhaust administrative remedies, that the Complaint should be dismissed because (1) Boskovich has failed to state a viable § 1983 claim against Blundo and Arabia; (2) Boskovich did not allege facts which are plausibly suggestive of a claim for intentional interference with prospective economic advantage against Blundo and Arabia; (3) Boskovich failed to plead a plausible claim for intentional infliction of emotional distress against Blundo and Arabia; and (4) Boskovich's defamation claim against Blundo and Arabia fails because it is based wholly on speculation. *ECF No. 6*. Blundo and Arabia also argue Boskovich should not be allowed to amend her complaint as against them. Blundo and Arabia allege the claims made by Boskovich involve bad faith, harassment, or a dilatory motive. *Id*.

On June 16, 2021, Boskovich opposed the Motion to Dismiss, primarily arguing she has met her burden under *Iqbal* and *Twombly*. *ECF No. 11*. Boskovich further argues that even if the Court grants the Blundo and Arabia motion, she should have leave to amend the complaint.

**II.    Legal Argument**

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2s 681, 685 (9th Cir. 1988). The party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *See Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D.Nev.2011). In this case all parties agree discovery should be stayed.

Evaluation of a request for a stay often requires a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery with the goal of accomplishing the

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

3

objectives of Rule 1, which requires construing the Federal Rules of Civil Procedure in a manner to secure the just, speedy, and inexpensive determination of every action. *See Tradebay*, 278 F.R.D. at 601. In doing so, a court must consider whether the preliminary peek at the merits is potentially dispositive of the entire case, and whether the motion can be decided without additional discovery. *Id.* at 602-603.

The parties agree that a temporary stay of discovery, including the procedural requirements of FRCP Rule 26, and completion of a discovery plan and scheduling order, will further the goal of judicial economy as well as reducing the costs to the parties in the event the Motion to Dismiss is granted in whole or in part. They do not believe discovery is necessary for the Court to decide the pending motion. In addition, it is without question that Boskovich cannot proceed with her three Title VII claims until she receives a right-to-sue letter from the EEOC.

[Remainder of page left intentionally blank.]

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

4

Based on the foregoing, the parties request that the Court grant this Joint and Unopposed Motion to Stay Discovery pending Boskovich's receipt of a right-to-sue letter as well as the Court's ruling on the pending Motion to Dismiss filed by Defendants Blundo and Arabia.

DATED this 14th day of July, 2021.

LAW OFFICES OF MICHAEL P. BALABAN

By: /s/ Michael Balaban
    MICHAEL P. BALABAN, ESQ.(SBN9370)
    10726 Del Rubini Street
    Las Vegas, NV 89141
    *Attorneys for Plaintiff*

LEMONS, GRUNDY & EISENBERG

By: /s/ Rebecca Bruch
    REBECCA BRUCH, ESQ. (SBN7289)
    6005 Plumas St., Third Floor
    Reno, Nevada 89519
    *Attorneys for Defendant Nye County*

MARQUIS AURBACH COFFING

By: /s/ Brian Hardy
    BRIAN R. HARDY, ESQ. (SBN10068)
    KATHLEEN A. WILDE, ESQ (SBN12522)
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    *Attorneys for Defendants*
    *Chris Arabia and Leo Blundo*

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the parties shall file a stipulated discovery plan and scheduling order within 14 days of an Order on the pending motion to dismiss (ECF No. 6).

DATED this 15th day of July 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868