**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ronni Boskovich,

     Plaintiff

v.

Nye County, et al.,

     Defendants

Case No.: 2:21-cv-0670-JAD-DJA

**Order Granting Motion to Dismiss with Limited Leave to Amend**

[ECF No. 25]

Terminated district attorney Ronni Boskovich brings this employment action against Nye County and its District Attorney's office, along with DA Chris Arabia and County Commissioner Leo Blundo.  Last year, I granted Boskovich leave to amend her first-amended complaint to cure the deficiencies in her interference-with-prospective-economic-advantage and defamation claims against Arabia.  She filed a second-amended complaint, and Arabia and Blundo now move to dismiss again, arguing that Boskovich still hasn't sufficiently pled either claim.  Because I find that Boskovich still hasn't pled the required elements of these two claims despite clear instruction from the court, I grant the defendants' motion to dismiss with additional leave to amend.

**Background**[1]

Boskovich is an attorney who began working for Nye County, Nevada, in 2017, first as a law clerk, then as a Civil Deputy DA, and finally as a Criminal Deputy DA before she was discharged in April 2019.[2]  Several months before Boskovich's termination, Arabia took office

---

[1] This is a summary of Boskovich's allegations and should not be construed as findings of fact.
[2] ECF No. 23 at ¶ 15 (second-amended complaint).

as Nye County's District Attorney, and Blundo became a county commissioner.[3]  Boskovich alleges that Blundo and Arabia "have a close personal relationship" and they "targeted" her "in part, because of the sexual orientation of [her] father . . . and her step-father."[4]  Her father and Blundo ran against each other for Nye County Commissioner in 2018, but her father lost the election.[5]  Boskovich's second-amended complaint details a "campaign of harassment and intimidation" against her, based on "her father's political aspirations and her father and step-father's" sexual orientation.[6]

Boskovich claims that she was eventually terminated "in retaliation for complaining of sexual harassment in the workplace by Blundo," and she later applied for an opening as a Nye County public defender.[7]  She alleges that although "Arabia and Blundo attempted to prevent her from" being selected for that position, she "was awarded one of the Public Defender contracts."[8]  She also alleges that, in 2019, "an article was published in the Pahrump Valley Times newspaper that contained all of the false allegations [that] Arabia had made against Boskovich" and that Arabia soon "filed a [b]ar [c]omplaint against [Boskovich]" that contained "derogatory information" about Boskovich and her family.[9]  The bar complaint was eventually "unanimously dismissed."[10]

---

[3] *Id.* at ¶¶ 16–17.

[4] *Id.* at ¶¶ 18–19.

[5] *Id.* at ¶ 21.

[6] *Id.* at ¶¶ 24–31.

[7] *Id.* at ¶¶ 36–38.

[8] *Id.* at ¶¶ 39–40.

[9] *Id.* at ¶¶ 42–43.

[10] *Id.* at ¶ 44.

Boskovich filed this lawsuit in April 2021, and Arabia and Blundo moved to dismiss.[11] During a hearing, I directed Boskovich to file an amended complaint and waited to address the motion to dismiss.[12]  Boskovich filed her first-amended complaint, and Arabia and Blundo re-urged their dismissal arguments against it.[13]  I granted in part and denied in part the motion to dismiss, giving Boskovich clear direction about what changes she needed to make in the next iteration of her complaint.[14]  I dismissed Boskovich's interference-with-prospective-economic-advantage claim as to Blundo without leave to amend but gave her leave to amend that claim as to Arabia and Nye County if she could "allege true facts to show actual interference" by them.[15] I also granted the motion to dismiss Boskovich's defamation claim with leave to amend if she could "identify the defamatory statements on which [the claim] is based."[16]  Boskovich then filed a second-amended complaint, and Arabia and Blundo now move to dismiss it.[17]

## Discussion

### I.  Legal standard

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[18]  Mere recitals of a claim's elements, supported by only conclusory statements, are

---

[11] ECF No. 1 (complaint); ECF No. 6 (motion to dismiss).

[12] ECF No. 20.

[13] ECF No. 19; ECF No. 21.

[14] ECF No. 22 (minute order).

[15] *Id.*

[16] *Id.*

[17] ECF No. 23; ECF No. 25.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

insufficient.[19]   The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[20]   A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[21]   A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[22]

## II.   Boskovich hasn't sufficiently pled an interference-with-prospective-economic-advantage claim against Arabia.[23]

Arabia contends that Boskovich's second-amended complaint "is nearly identical" to her first and that she "fails to correct the deficiencies" that the court previously identified, noting that she still hasn't pled sufficient facts to meet the required elements of her interference-with-prospective-economic-advantage claim.[24]   Boskovich responds that she has sufficiently pled all of the elements and concludes with the preemptive ad hominem attack that, if the court determines otherwise, then "the court is bias[ed] against [Boskovich] or her counsel or unable to competently apply facts to law to come to a just conclusion."[25]

---

[19] *Id.*

[20] *Id.* at 679.

[21] *Id.*

[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[23] I previously dismissed this claim as to Blundo, so it remains against Arabia and Nye County only.  *See* ECF No. 22 ("Plaintiff's interference-with-prospective-economic-advantage claim . . . is dismissed as to Defendant Blundo without leave to amend because she fails to allege, and the court does not perceive a way for her to validly allege on these facts, an actual interference or harm as a result of Blundo's actions.").

[24] ECF No. 25 at 10, 12.

[25] ECF No. 26 at 10.

In Nevada, an interference-with-prospective-economic-advantage claim requires a plaintiff to demonstrate: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff [because] of the defendant's conduct."[26]  Arabia asserts that Boskovich fails to allege the first and fifth elements and contends that she "does not give any details as to what economic losses Boskovich supposedly sustained."[27]  When I granted Boskovich leave to amend her first-amended complaint, I noted that she "fail[ed] to allege how [Arabia and Nye County's] actions *actually interfered* with a prospective economic advantage" and explained that Boskovich must be able to "allege true facts to show actual interference by Arabia and Nye County."[28]  While she added some allegations to her second-amended complaint, she still fails to allege that actual harm occurred.  More than that, she undermines this claim by pleading that her contract to work as a Nye County public defender was, in fact, carried out: "Arabia attempted to prevent [Boskovich] from being awarded that contract by[,] among other things, instructing his civil deputy Brad Richardson to attempt to stop the Board of County Commissioners from voting on [Boskovich's] initial contract back in June of 2019," but Boskovich nevertheless "received the Public Defender contract in July 2019."[29]  This alone requires the court to dismiss this claim.

---

[26] *In re Amerco Derivative Litigation*, 252 P.3d 681, 702 (Nev. 2011) (quoting *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (1993)).

[27] ECF No. 25 at 11–12.

[28] ECF No. 22.

[29] ECF No. 23 at ¶¶ 103–04.

1    The remainder of the allegations in this claim concern events that took place *after*

2    Boskovich was successfully awarded the initial contract, and nowhere does she allege that she

3    didn't receive future contracts.  She claims that "[e]ach year when the Public Defender contracts

4    were being awarded by the Board of County Commissions, Arabia would make comments about

5    the inexperience of Boskovich since until recently she was the only new Public Defender."[30]

6    And although Boskovich alleges that Arabia made such comments, she fails to allege that they

7    actually resulted in interference with a prospective contractual relationship, establishing instead

8    that she continued to be employed as a public defender despite Arabia's opposing efforts.

9    Nevada courts have held that a successful interference-with-prospective-economic-

10   advantage claim must indeed involve a "prospective" economic advantage, as the claim's name

11   implies, which as the defendants point out, means "expected" or "probable."[31]  In *In re Amerco*

12   *Derivative Litigation*, the Nevada Supreme Court found that an interference-with-prospective-

13   economic-advantage claim was sufficiently pled at the motion-to-dismiss stage because the

14   plaintiff had alleged that the sale of certain properties affected "prospective economic or

15   contractual relationships with customers who would have rented self-storage units in U-Haul

16   facilities."[32]  No such allegations about future, expected, or probable economic advantages exist

17   in Boskovich's second-amended complaint.  To the contrary, she clearly alleges that her contract

18   to work as a Nye County public defender was not actually impeded despite Arabia's opposition

19   efforts.  So because Boskovich has failed to allege actual harm to a prospective economic

20   advantage, I grant the motion to dismiss this claim against Arabia.

21

22   ───────────────
     [30] *Id.* at ¶ 105.

23   [31] ECF No. 25 at 12 (citation omitted).

     [32] *In re Amerco*, 252 P.3d at 702–03.

### III.   **Boskovich does not sufficiently allege a defamation claim against Arabia**.

The defendants contend that Boskovich's defamation claim against Arabia is nearly the same as it was in previous iterations of her complaint, lacking the necessary identification of specific defamatory statements.[33]  In Nevada, the elements of defamation are: "(1) a false and defamatory statement[]; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."[34]  I cautioned Boskovich in my previous order that her defamation allegations were "too vague for the court to determine that the plaintiff has, in fact, alleged false and unprivileged statements."[35]  The defendants include in their motion-to-dismiss a side-by-side chart comparing Boskovich's first- and second-amended complaints, and it appears that Boskovich actually included less detail about the alleged defamatory statements in the latter pleading.[36]

---

[33] ECF No. 25 at 12–16.  Although the heading of Boskovich's defamation claim in her second-amended complaint indicates that she asserts the claim against Nye County and Blundo, none of the allegations that follow the heading implicate, or even mention, Blundo at all.  I therefore construe this as a claim against Arabia, not Blundo.  And to the extent that Boskovich meant to bring a defamation claim against Blundo, I dismiss that claim without leave to amend because she doesn't allege any facts against Blundo despite opportunities to add them.

[34] *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504 (Nev. 2009) (cleaned up).

[35] ECF No. 22.  The Ninth Circuit recognizes that "[t]he First Amendment is not irrelevant at the pleading stage" and that "'where a plaintiff seeks damages . . . for conduct [that] is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required.'"  *Flowers v. Carville*, 310 F.3d 1118, 1130–31 (9th Cir. 2002) (quoting *Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of Culinary* Workers, 542 F.2d 1076, 1082–83 (9th Cir. 1976)).  And in the Ninth Circuit, "a defamation complaint is sufficient under *Franchise Realty* when it 'lists the precise statements alleged to be false and defamatory, who made them[,] and when.'"  *Miller v. Sawant*, 18 F.4th 328, 337 n.9 (9th Cir. 2021) (quoting *Flowers*, 310 F.3d at 1131).

[36] ECF No. 25 at 7–8; *compare* ECF No. 19 at ¶¶ 129–36 *and* ECF No. 23 at ¶¶ 114–24.

Boskovich alleges that "a verbatim text of what was said by Arabia is contained in both the Bar Complaint and Pahrump Valley Times newspaper article[,] which both Arabia and Arabia's counsel have full access to and will also be available in discovery."[37]  But at the motion-to-dismiss stage, the district court can only consider what is alleged on the face of the operative complaint.[38]  Because it remains unclear to the court from the face of Boskovich's second-amended complaint which defamatory statements she believes Arabia made, she has failed to allege a colorable defamation claim against him, and I therefore dismiss it.

### III.   Boskovich has leave to amend her defamation claim but not her interference-with-prospective-economic-advantage claim.

Boskovich does not ask for leave to amend her claims, but she acknowledges the general leave-to-amend standard.[39]  Arabia urges me to deny Boskovich leave.[40]  Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[41]  In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[42]  "Futility alone can justify the denial of a motion to amend."[43]

---

[37] ECF No. 26 at 14.

[38] *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

[39] ECF No. 26 at 8.

[40] ECF No. 25 at 16–17.

[41] *Carrico v. City & Cnty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[42] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

[43] *Id.* (internal citation omitted).

I deny Boskovich leave to amend her interference-with-prospective-economic-advantage claim because amendment would be futile.[44]  Boskovich already had the opportunity to amend that claim and was unable to do so sufficiently, and I find that no plausible facts could support an interference-with-a-prospective-economic-advantage claim when Boskovich was hired as a public defender despite any of the defendants' alleged efforts to the contrary.  But I grant Boskovich leave to amend her defamation claim because it appears that plausible facts may exist that could support it.  If such statements do exist—and are not protected by some privilege, such as statements in the bar complaint against Boskovich[45]—then she must plead the details of those statements in her amended complaint, not just clues about where the defendants can find those statements.  She also must clearly indicate which defendant or defendants the defamation claim is brought against.  Failure to do so within 14 days of this order will result in dismissal of the defamation claim with prejudice.

---

[44] *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)).

[45] *See, e.g.*, ECF No. 26 at 11–13.

9

**Conclusion**

IT IS THEREFORE ORDERED that Arabia and Blundo's motion to dismiss **[ECF No. 25] is GRANTED**.  Boskovich's interference-with-prospective-economic-advantage claim against Arabia is dismissed without leave to amend.  Her defamation claim is dismissed with leave to amend **within 14 days of this order's filing**.  If Boskovich files an amended complaint, she must clearly indicate which defendant(s) her defamation claim is against and must include the precise statements that she believes are defamatory.  Failure to do so will result in dismissal of the defamation claim with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
July 5, 2022

10